UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARENCE HENRY DIXON,<br><br>             Petitioner,<br><br>        v.<br><br>RICK HILL,<br><br>             Respondent. | Case No.: 1:13-cv-01081-JLT<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS<br><br>ORDER DIRECTING OBJECTIONS TO BE FILED WITHIN TWENTY-ONE DAYS<br><br>ORDERING DIRECTING CLERK OF THE COURT TO ASSIGN DISTRICT JUDGE TO CASE |

      Petitioner is a state prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

      The instant petition was filed on July 15, 2013. Petitioner alleges that he is in custody of the California Department of Corrections and Rehabilitation, serving a sentence of fifteen years and eight months, as a result of a conviction for residential burglary and probation violation, in the San Joaquin County Superior Court on October 5, 2006. However, Petitioner does not challenge either his conviction or sentence. Instead, Petitioner raises a single ground for relief in his petition challenging prison conditions, i.e., that he has been exposed to "Valley Fever" while incarcerated at Pleasant Valley State Prison, that he is suffering various medical maladies as a result, that he is not receiving

adequate medical treatment for his condition, and that his requests for transfer out of the San Joaquin Valley have been denied.  (Doc. 1, p. 3).

## DISCUSSION

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing 2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990).  A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ."  28 U.S.C. § 2254(a).  A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement.  Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), *quoting*, Preiser v. Rodriguez, 411 U.S. 475, 485, 93 S. Ct. 1827 (1973); Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003)("[H]abeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence"); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has also held that "[h]abeas corpus jurisdiction also exists when a petitioner seeks expungement of a disciplinary finding from his record if expungement is likely to accelerate the prisoner's eligibility for parole."  Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989); see also Docken v. Chase, 393 F. 3d 1024, 1031 (9th Cir. 2004)("[W]e understand Bostic's use of the term 'likely' to identify claims with a sufficient nexus to the length of imprisonment so as to implicate, but not fall squarely within, the 'core' challenges identified by the Preiser Court.")

In contrast to a habeas corpus challenge to the length or duration of confinement, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of confinement.  McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

In this case, as mentioned, Petitioner alleges that the prison living conditions, specifically his exposure to Valley Fever and subsequent inadequate medical treatment, have caused him "mental and emotional distress."  (Doc. 1, p. 3).  Petitioner appears to be requesting, as relief, a transfer out of the San Joaquin Valley to minimize his exposure to the infecting spores.  (Doc. 1, p. 4).  Petitioner is thus

challenging the conditions of his confinement, not the fact or duration of that confinement. Indeed, Petitioner has expressly labeled his claim as one involving "living conditions." (Doc. 1, p. 2). This Court has no habeas jurisdiction over prison living conditions since the only relief a habeas court can grant relates to the fact or duration of the inmate's sentence. Here, no relief requested by Petitioner in his petition involves the fact or duration of Petitioner's sentence. Therefore, Petitioner is not entitled to habeas corpus relief, and this petition must be dismissed. Should Petitioner wish to pursue his claims, Petitioner must do so by way of a civil rights complaint pursuant to 42 U.S.C. § 1983.

## ORDER

Accordingly, the Clerk of the Court is HEREBY DIRECTED to assign a United States District Judge to this case.

## RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that the habeas corpus petition be **DISMISSED** for Petitioner's failure to state any cognizable federal habeas claims.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty-one (21) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **July 17, 2013**            /s/ Jennifer L. Thurston
                                                    UNITED STATES MAGISTRATE JUDGE